JULIA A. HARMONT, Appellee, v. P. F. SULLIVAN, Appellant.

Landlord and tenant: ACTION FOR RENT: ADJUDICATION. In an
1 action to recover rent for land, the pleadings, orders and decrees in prior litigation growing out of the lease, are reviewed and held not to constitute an adjudication barring either the action for the rent or recovery on defendant's counterclaims thereto.

Possession of tenant: DAMAGE FOR DISTURBANCE. In an action for
2 rent a tenant may recover, by way of counterclaim, damages suffered through the connivance of others to harass and injure him in the possession of the premises. Evidence held sufficient to take the case to the jury on this issue.

*Appeal from Story District Court.*— HON. W. D. EVANS, Judge.

SATURDAY, JUNE 10, 1905.

ACTION at law to recover for the use and occupation of real estate.   Many defenses were interposed, to some of which we shall advert during the course of the opinion.   A jury was called, and at the conclusion of the evidence the trial court directed a verdict for plaintiff, and defendant appeals.— *Reversed.*

*D. G. Baker,* for appellant.

*Ganoe & Hollingsworth,* for appellee.

DEEMER, J.— Plaintiff is a nonresident of the state, and at the time of the transaction to which we shall refer was the owner of 160 acres of land in Boone county. During the year 1900 one Thrush was plaintiff's agent, and it is contended that this agent leased the land to the defendant, by oral contract, for one year from and after March 1, 1901. Defendant, Sullivan, did some work upon the land, in the nature of fall plowing, under his said lease. One Garvey, learning that defendant was negotiating for or had leased the land, undertook to thwart him by leasing the same property for the same term from the agent, Thrush. Garvey took possession of the land under his lease about August 24, 1900, and denied defendant, Sulllivan, a right to enter for any purpose. Thereupon, and in October of the year, 1900, the defendant, Sullivan, brought an action in the Boone county district court against Garvey, plaintiff, Harmont, and Thrush, in which he asked confirmation of his oral lease, cancellation of the one made to Garvey, and for an injunction restraining the defendants from in any way interfering with Sullivan's rights and privileges under his lease. That case, after being dismissed as to Thrush, went to trial as to the other defendants, resulting in a decree, entered of record February 26, 1901, finding for the plaintiff therein, Sullivan. This decree found that Sullivan was entitled to the possession of the property for the year beginning March 1, 1901; that defendant Harmont on or before March 1st execute a lease to him (Sullivan) covering said term, provided he (Sullivan) should pay as rental $150 November 15, 1901, and $150 March 1, 1902, work the taxes on the road, and keep the fences in repair. It also provided that, within 10 days after the lease was executed, plaintiff, Sullivan, should execute to the defendant Harmont bankable notes in the usual form, but drawing no interest before maturity, for the amount of the two $150 payments, and deliver them to the defendant Harmont, or to the clerk of the Boone county district court. The Garvey lease was also

canceled and held for naught, and plaintiff's (Sullivan's) rights under his lease were quieted in him, and defendant was enjoined from in any manner interfering with Sullivan in his rights thereunder.

Defendants in that case immediately appealed to this court, and filed a supersedeas bond. The case reached this court some time in the year 1902, and in April of that year Sullivan filed a motion to dismiss the appeal on the ground that his lease has expired, and that he had surrendered the possession to the defendants and appellants in that suit. This motion was sustained on the ground that there was nothing left to litigate between the parties, because Sullivan had surrendered the possession, and his lease had expired. See 92 N. W. Rep. 672. We there said that differences between the parties as to other rights would not justify us in considering the appeal, for the reason that the only issue as presented by the pleadings was the right to the possession during the year covered by the leases. A *procedendo* was returned to the district court, and thereupon defendant Harmont filed a supplemental answer in the original case, in which she asked for a judgment against the plaintiff therein for the amount of the rent; alleging that he (Sullivan) had used and occupied the land during the year provided for in the lease claimed by him, and that he had failed to comply with that part of the decree requiring him to execute the notes. Objections to this were filed by the plaintiff, Sullivan, based upon the grounds that the defendant Harmont had failed to comply with the decree by executing the lease therein provided for; that defendants in said decree were not entitled to recover any money in virtue of the provisions thereof; that, if they are entitled to any rentals, they must recover the same in an independent action at law. He also pleaded another action pending, that no rents were due, and that he had a large counterclaim against Harmont for damages, which he was entitled to offset against the claim for rent. At the

same time defendants in that action moved to recall an execution which had been issued at plaintiff's (Sullivan's) request,. and for an order on him to 'show cause why he had not complied with the decree of the court by executing the notes.   These matters were thereupon submitted to the trial court, and on March 9, 1903, expressing its doubt as to jurisdiction of the matters presented to it by the supplemental answer and motion, it denied all the relief requested therein.

On August 5, 1902, the plaintiff herein, Harmont, brought action in the district court of Story county against defendant, Sullivan, to recover rents for the use of the land for the year commencing March 1, 1901; alleging that he (defendant) held possession of the same under an oral lease, which was enforced and made effective by the decree entered in the original case, which was set out in the petition.   It was charged that defendant was in possession for the year, and had had the emoluments from the use of the land.   It was charged that the reasonable value of this use was $300, and that defendant herein had failed to execute the notes provided for by the original decree.   The petition in that action was attacked in various ways by motion.   Thereafter defendant herein demurred to the petition, the principal grounds therefor being that plaintiff had not shown compliance on her part with the terms of the decree, in that she had failed to execute the lease; that recovery could not be had on *quantum meruit* in the face of the original decree; that the court had no jurisdiction, because the matter was then pending in the Boone county district court, and that plaintiff must work out her rights, if any she has, through that action; and for the further reason that all matters between the parties had been adjudicated by the decree and orders in the prior action in Boone county.   This demurrer in so far as it pleaded former adjudication, was sustained, and otherwise overruled.   Thereupon plaintiff herein filed an amended and substituted petition reciting the occupancy of the premises by the defendant, and stating that his ten-

ancy was based upon the decree of the Boone county court enforcing and making effective an oral lease of the premises to the defendant; setting forth the decree and the various proceedings thereafter had, alleging that the reasonable value of the use of the premises during the time they were held by the defendant was $300, and pleading that defendant had failed and refused to comply with the terms of the decree by making notes as therein required. Judgment was asked for $300, with interest and costs. To this pleading defendant herein interposed a demurrer based upon practically the same grounds as the former demurrer to the original petition. This demurrer was overruled, and exception taken. This ruling presents some of the questions to be considered on this appeal.

A long motion to strike parts of the amended and substituted petition was also filed, and this was sustained in so far as to require plaintiff to divide and number her petition into counts, in order that the action on *quantum meruit* might be separated from that on contract. This was not complied with, and the claim of *quantum meruit* is out of the case. Defendant then answered the amended and substituted petition, in which he repleaded most of the matters insisted upon by him in his demurrers, and denied generally the allegations of plaintiff's amended and substituted petition. He also pleaded long counterclaims, which, with their exhibits, cover more than 27 printed pages of the abstract. These counterclaims, as we understand them, are for damages growing out of defendant's failure to obtain possession of the property under his oral lease, and for losses and expenses incurred by him in conducting his litigation with Harmont and Garvey. It is pleaded that, after the entry of the decree in the original case against the plaintiff herein and others, Garvey and plaintiff, Harmont, continued to annoy and harass the defendant in the use of the land under his lease with plaintiff herein, and did trespass upon the land, destroying a large part for seeding purposes, and

damaging him to a large amount, and that he was compelled to bring another action against Garvey and his sons to restrain them from harassing and annoying him, the defendant. He asked for damages and the costs of this litigation. Plaintiff filed motions and demurrers attacking this answer and counterclaim. Rulings on these pleadings were reserved to be passed upon when defendant's evidence was offered. These are the issues condensed as much as possible from 52 pages of the printed abstract.

The first question which presents itself on this appeal is, what effect shall be given the various legal proceedings to which we have referred? Proper solution of that inquiry

1. LANDLORD AND TENANT: action for rent; adjudication. depends primarily upon the nature of the present action. Divorced of all extraneous matter, it is manifestly an action to recover an agreed rental for the use of certain premises for the year beginning March 1, 1901. The various proceedings and decrees pleaded by the respective parties are wholly evidentiary. There had not, until the judgment in this case was rendered, been any decree or judgment for the amount of the rents, and no finding that defendant had in fact been in possession of the premises. In the original suit it was determined that defendant was entitled to the use and possession of the premises for the then coming year. His parol lease was confirmed, and the plaintiff herein was directed to issue him a written one, and he, in turn, was ordered to make notes for the rental of the land. The defendants in that action were also enjoined from interfering with this defendant's rights under his lease. That suit was appealed to this court, but the only question here determined was that defendant herein and plaintiff and appellee in that suit had surrendered the possession of the premises to appellant in this suit and plaintiff in that, and, for that reason we should not consider the appeal, as the right to the possession was alone determined. So far, then, there was no decision that defendant herein had been in the possession of the

premises. So long as that action was pending upon appeal, plaintiff herein and one of the defendants in that action could not have executed the lease and performed the decree, for that would have worked an abandonment of her appeal. After the case was disposed of here on the ground that appellee in the appeal and defendant in this case had surrendered the possession to plaintiff herein, his claimed lease having by limitation of time expired, there was no necessity for making any lease, for the term was at an end. Without the lease defendant herein was not required to make any notes; and when the case was finally determined here on appeal the necessity for making bankable notes no longer existed, as his obligation if he occupied the land was at that time absolute, and he could not postpone the same by tendering notes in accordance with the original decree. This original decree is relied upon as showing confirmation of the oral lease, and the amount of defendant's obligation, should he occupy the property under his parol contract, which through the decree was given judicial sanction. As the appeal was dismissed by this court upon the grounds stated, there was nothing more to try in the district court; and, although a *procedendo* issued after the ruling on the motion to dismiss, that did not put new life into a case which, so far as the district court was concerned, had been finally disposed of.

The supplemental answer filed by plaintiff herein in that original case, in which she asked judgment for the rent, was not such a pleading as is recognized by the practice rules of this State. *Allen v. Davenport,* 115 Iowa, 20. Moreover, if this were not true, defendant herein succeeded in defeating consideration thereof by his insistence that he was entitled to a jury trial, and that plaintiff herein should commence an independent action at law. Having secured the dismissal of the supplemental answer on that ground, he cannot now be heard to say that plaintiff's remedy was in the original action, and that she cannot enforce her rights

in this proceeding. So that there has been no adjudication of any of the matters in controversy, save that defendant had an oral lease for the land, for which he agreed to pay as rental the sum of $300 in money, and perform some other duties. This lease was confirmed by the court, and the one held by Garvey canceled. It was also provided that the parties should reduce their agreements to writing, so that there might be written evidence of their contents. This, of course, they did not do; but this failure did not destroy the decree, nor defeat the other provisions thereof. After the appeal of the case there was no occasion to put the matters in writing. The decree having confirmed and established the oral contract, and there being no opportunity for a judgment against defendant for the rent, or for the presentation of a counterclaim on his behalf for damages, there was no such a decree or judgment as will bar plaintiff's action, which is not, as counsel contend, upon the former judgment or decree, but for the use and occupation of the land under the oral lease. All that she need establish in the first instance is that defendant went into the possession of, used, and occupied the land. This she attempted to do, not by the former judgments and decrees alone, which, of course, would not show such occupancy, but by testimony *aliunde*. The amount which defendant was to pay for the use of the premises was irrevocably fixed by the decree, however; and this is as far as that adjudication went, in so far as this controversy is concerned. In moving to dismiss the appeal of the former case, defendant herein did not assert that he had been in possession of the property during the entire time covered by the lease. All that he affirmed was that he had surrendered the possession of the premises to the then appellants. This was conceded, and we dismissed the appeal, declining to pass upon any other controversies in the case. So that we have had no adjudication which bars either plaintiff's present action, or recovery on the defendant's counterclaims, and it follows that the

district court of Story county had jurisdiction of this case.

II.   The only other question in the case is, was there enough evidence to take the defendant's counterclaims to the jury? He asks for costs and expenses incurred by him in all the previous litigation; and he also says that he was damaged by the acts of the Garveys, which were authorized, confirmed, or ratified by the plaintiff, and that the implied covenant for quiet enjoyment and peaceable possession inherent in every lease was broken by the plaintiff, and that defendant is entitled to recover for breach thereof. It will be noticed that the original action involving plaintiff's rights was commenced and determined before the term created by the oral lease commenced. On the 1st of March, 1901, defendant had a decree quieting his title and confirming his oral lease, so that his enjoyment of the premises was not interfered with by the plaintiff. It goes without saying, also, that he was not disturbed in his possession until he had a right to or had taken possession. Hence he cannot recover the costs of the original suit against Garvey and the plaintiff, Harmont. They were compelled to pay the costs of that action, and these do not ordinarily, in the absence of statute, include attorney's fees or time lost.

As to disturbance of possession after he went into occupancy of the premises under the decree in the main case, a different question arises. Here there may have been a 2. POSSESSION OF TENANT: damage for disturbance. breach of an implied covenant for quiet enjoyment, possession, etc. Sutherland on Damages, vol. 3, page 146 (Ed. 1883); *Kane v. Mink,* 64 Iowa, 84; *Akerly v. Vilas,* 23 Wis. 208 (99 Am. Dec. 165). We think there was enough evidence to take the case to the jury on the question of plaintiff's consent and connivance with Garvey to harass and injure the defendant in the possession of the premises, and that the trial court was in error in directing a verdict. In view of the appeal and the filing of the supersedeas in the original suit

against Garvey and the plaintiff herein, the attorney for the defendants therein seemed to think that they were licensed to trespass upon the leased property, and he so advised them. There was sufficient evidence of this plaintiff's connivance therein, through her agents and attorneys, to take the case to a jury. Defendant herein was compelled to bring action to protect his possession, and, if the jury found there was such connivance, defendant was entitled to recover the costs and expenses, including attorney's fees, reasonably expended or incurred as damages for breach of the implied covenant of seisin. There was no necessity in such a case of notifying the plaintiff herein, for, if she herself connived against the defendant to deprive him of the possession of the land, the giving of notice would have been an idle ceremony. *Akerly v. Vilas, supra,* is a very instructive case on this proposition. See, also *Meservey v. Snell,* 94 Iowa 222.

It may be well to observe in this connection that, with all the voluminous pleadings filed in the case, the plaintiff at no time filed an answer to the defendant's counterclaims. True, there was a demurrer filed, which, of course, admitted the facts well pleaded; but this was not ruled on, save as objections were sustained to defendant's evidence. Testimony offered by defendant tending to show plaintiff's connection with the Garveys in disturbing defendant in his possession was admitted, as we understand it. True, some of it was excluded, and in this we think there was error. The attorney who acted for plaintiff herein in the original suit against her and Garvey was her agent, and she was bound by what he advised and did in the premises.

Defendant offered to show that, because of being deprived of possession of the land for a part of the year 1901, he was unable to put in a crop in season, and that he was damaged thereby. This evidence should have been admitted under the issues tendered. Of course, if plaintiff had no connection, by herself or agents, with the alleged trespasses, she cannot be held liable in this suit on the counterclaim for loss

of crops.   But it must be remembered that she was one of the defendants in the original suit, that she appeared and filed a supersedeas bond, and that the Garveys took possession in virtue of a claim made by, through, and under her, and that her agent and attorney authorized them to do so.   This was enough to take the case to the jury on the question of defendant's right to recover on his counterclaim.

Our conclusions find support in the following among other cases:   *Boyer v. Inv. Co.,* 110 Iowa, 496; *Kelly v. Church,* 2 Hill (N. Y.) 105; *Riley v. Hale,* 158 Mass. 240 (33 N. E. Rep. 491).

For the errors pointed out, the judgment must be, and it is, *reversed.*