**Bonnie G. SUSS, Appellant,**

v.

**Marjorie M. SCHAMMEL, Ruth A. Cahill, Paul R. Suss, Mary Jane Isaacson, and James A. Suss, Appellees.**

**No. 84–566.**

Supreme Court of Iowa.

·Oct. 16, 1985.

Rehearing Denied Nov. 14, 1985.

Harold W. White of Fitzgibbons Brothers, Estherville, for appellant.

Joseph L. Hanson, Emmetsburg, for appellees.

Considered by HARRIS, P.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

HARRIS, Justice.

This controversy arose after a farm was sold by its owner to one of his sons. Both the buyer and seller are deceased and the dispute is between the father's other children and the son's widow. On the widow's petition the trial court directed completion of the sale and conveyance of title. Defendants' cross-appeal is from that determination. The widow's additional claims for actual and punitive damages were allowed by a jury but were set aside on defendants' post-trial motion. That ruling is the subject of plaintiff's appeal. We affirm on both appeals.

Howard J. Suss, plaintiff's husband, died intestate on May 22, 1969, survived by plaintiff and their two sons, Scotty Joe Suss and Toddy Gene Suss. Howard was the contract purchaser of the 160 acres of land in Palo Alto County. His father, who sold him the farm, was Theodore J. Suss. Howard's interest in the contract passed to plaintiff as his surviving spouse and she continued to make annual payments to Theodore J. Suss until Theodore's death in 1972.

When Theodore died, his vendor's interest in the contract passed by will to Theodore R. Suss (another of Theodore J.'s sons), Scotty Joe, Toddy Gene, and to defendants. Defendants are Theodore J. Suss' remaining children. Plaintiff's sons

each received· a ¹/₁₄th interest in the contract while the others received a ¹/₇th interest. Plaintiff then made the payments through her attorney to the holders of the vendors' interest. In December of 1977, plaintiff claimed she made the final payment on the contract and expected to receive a warranty deed.

Defendants dispute that plaintiff did in fact tender the final payment. Dorothy I. Suss, widow of Theodore R. Suss, conveyed to plaintiff the ¹/₇th interest Dorothy inherited from her husband. Scotty and Toddy also conveyed their interests to plaintiff. Defendants, however, refused to convey their interests despite plaintiff's repeated demands. Plaintiff then brought this suit.

In count I of her petition, plaintiff sought specific performance, alleging she had fulfilled all her obligations under the contract. In count II, she sought $10,000 compensatory damages for "mental anguish and humiliation" she claims to have suffered because of defendants' failure to convey their interests. She also sought $10,000 in punitive damages, alleging "defendants' refusal to perform ... was done with malice ... and was done with the intention to harass and harm" her.

Count I of plaintiff's petition was resolved prior to trial by a ruling which sustained plaintiff's motion for partial summary judgment. The trial court granted plaintiff's motion and ordered defendants to convey their interests by warranty deed upon plaintiff's final payment. When defendants failed to do so the property was conveyed to plaintiff pursuant to a commissioner's deed. See Iowa Code section 624.-29 (1985). Count II of plaintiff's petition was later separately tried before a jury. The jury awarded $2,487.55 in attorney fees and $5,000 in punitive damages. No compensatory damages were awarded.

Defendants filed a motion for judgment notwithstanding the verdict. The trial court granted the motion, finding "insufficient evidence of malice, either actual or legal" to support the award of punitive damages. The court likewise disallowed the attorney fees because "attorney's fees

under the common law ... should be allowed only in those extraordinary situations where they are appropriate."

I. Although it is presented by way of cross-appeal, it seems appropriate to first review the trial court's ruling which granted plaintiff's motion for partial summary judgment on her claim under count I. As a preliminary matter we reject plaintiff's contention that we lack jurisdiction because the cross-appeal was untimely.

■■■ According to plaintiff the challenged ruling was final, not interlocutory, so that under rule of appellate procedure 5 notice of appeal should have been (though it was not) filed within thirty days. See McGuire v. City of Cedar Rapids, 189 N.W.2d 592, 596–98 (Iowa 1971). Plaintiff's contention is without merit. An order adjudicating only part of the petition against a particular defendant is interlocutory, not final. See Shoemaker v. City of Muscatine, 275 N.W.2d 206, 208 (Iowa 1979). Because the partial summary judgment was interlocutory and because the cross-appeal was taken within the period specified for cross-appeals under rule 5(a), the notice of cross-appeal was timely.

■■■ In reviewing the grant of summary judgment under rule of civil procedure 237(c) the question is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. Brown v. Monticello State Bank of Monticello, 360 N.W.2d 81, 83–84 (Iowa 1984). It can be fatal to the party resisting the summary judgment motion to rely alone on a perceived weakness in the movant's contention. The resisting party "must set forth specific facts showing there is a genuine issue for trial." Iowa Civil Rights Commission v. Massey-Ferguson, Inc., 207 N.W.2d 5, 8 (Iowa 1973).

■■■ On this review we can and do ignore certain contentions because they are unaccompanied by any citation of authority as required under rule of appellate procedure 14(a)(3). A failure to cite authorities can result in a waiver of the issue. Miller v.

*International Harvester Co.*, 246 N.W.2d 298, 304 (Iowa 1976). We frequently find an issue has thus been waived. *See McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 184 (Iowa 1980); *Inghram v. Dairyland Mutual Insurance Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

On the present assignment we accordingly consider only the issue for which authorities are cited, the contention that a material issue of fact existed on the question of tender and demand.

As we understand their argument, defendants do not deny tender and demand were made but question the circumstances. Defendants seem to challenge plaintiff's decision to turn the matter over to her attorney. We do not think this decision detracted from plaintiff's tender and demand. Plaintiff testified she

> went to Fitzgibbons office with the money and they told me that I should not make the last payment until they gave— the Suss' gave me the deed and abstract; and so therefore the check was left there and there was communication back and forth, as I understand it, between Suss' and my attorneys, and as best I know there was nothing that ever came back from the Suss'.

In resisting plaintiff's showing, defendants raise only conclusory allegations, most of which are not even relevant to the case. *See Schulte v. Mauer*, 219 N.W.2d 496, 501 (Iowa 1974) ("defendants' pleadings, resistance to plaintiffs' summary judgment motion, affidavits, and other relevant documents stand as mere conclusions" and were thus "fatally defective").

■ Plaintiff met her burden of showing no issue of material fact existed. She was entitled to partial summary judgment.

■ II. There is no dispute over the scope of our review of the trial court's ruling granting judgment notwithstanding the verdict. *See* Iowa R.Civ.P. 243(b). The question is whether evidence, taken in the light most favorable to the party resisting the motion, regardless whether the evidence was contradicted, and taking every

legitimate inference that might be fairly or reasonably deducted therefrom, showed that the movant was entitled to a directed verdict at the close of all evidence. *See Winter v. Honeggers' & Co.*, 215 N.W.2d 316, 321 (Iowa 1974). If reasonable minds could differ on the issue a jury question existed and summary judgment was inappropriate. *Schiltz v. Cullen-Schiltz & Associates, Inc.*, 228 N.W.2d 10, 17 (Iowa 1975).

Plaintiff contends there was sufficient evidence of malice to support both the punitive damage award and the award for attorney fees. We however agree with the trial court's finding to the contrary. We find nothing in the record to indicate defendants acted "with a willful or reckless disregard" for plaintiff's rights. *See Pogge v. Fullerton Lumber Co.*, 277 N.W.2d 916, 920 (Iowa 1979).

■ Defendants' only failure was to refuse to execute, as demanded, a warranty deed to property they had not personally contracted to convey. It is true that defendants' predecessor in interest had contracted to convey. It is also true defendants succeeded to his interests and received payments under the contract of sale. But these facts support nothing more than breach of contract. As *Pogge* makes clear, a breach of contract alone, even if intentional, will not form the basis for punitive damages. 277 N.W.2d at 920.

■ A second ground supports the ruling. No actual damages were shown. An *award* of compensatory damages is not required to support a punitive damage award but a *showing* of actual damages is required. *Pringle Tax Service, Inc. v. Knoblauch*, 282 N.W.2d 151, 154 (Iowa 1975). Although plaintiff alleged actual damages her evidence showed only a feeling of frustration over her uncertainty about concluding the land transfer. Although plaintiff was obviously very exasperated with defendants' lack of cooperation it does not appear she suffered "humiliation" or "mental anguish" because of their actions. The trial court did not err in

granting the motion for judgment notwithstanding the verdict on the issue of punitive damages.

III. The jury also allowed plaintiff $2,487.55 on her claim for attorney fees. As mentioned, this recovery was also set aside by the trial court's ruling on the posttrial motion. This ruling is the subject of a separate assignment of error.

Attorney fees are generally not recoverable as damages in the absence of a statute or a provision in a written contract. *See, e.g., Lickteig v. Iowa Department of Transportation*, 356 N.W.2d 205, 212 (Iowa 1984). This general rule, however, is subject to an exception. In *Kuiken v. Garrett*, we allowed attorney fees on common law theories because defendants' conduct was "oppressive and tinctured with legal malice." 243 Iowa 785, 800, 51 N.W.2d 149, 158 (1952). *See also Harmont v. Sullivan*, 128 Iowa 309, 317, 103 N.W. 951, 954 (1905) (attorney fees recoverable where there was "connivance" by one litigant to "harrass and injure" other litigant).

In the present case attorney fees should not be allowed for the same reasons punitive damages were not. There is simply no evidence that defendants acted maliciously or with intent to harrass or injure. The assignment is without merit.

IV. Other issues become moot by reason of the foregoing. To identify or discuss them would unnecessarily extend this opinion.

AFFIRMED ON BOTH APPEALS.