**TODD FARM CORPORATION, Appellee,**

v.

**NAVISTAR INTERNATIONAL CORPORATION, Appellant.**

No. 86–2502.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1987.

Decided Dec. 30, 1987.

---

Burns Davison, Des Moines, Iowa, for appellant.

William R. Johnson, Omaha, Neb., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Todd Farm Corporation (Todd Farm) sued Navistar International Corporation (Navistar) under Iowa law for breach of the implied warranty of merchantability for a seed planter. The jury rendered a general verdict in favor of Todd Farm. Because we are unable to determine the extent to which the jury's general verdict is based on an improperly submitted theory of recovery, we reverse and remand for a new trial.

Todd Farm purchased a seed planter for use in its Iowa farming operations from Barrett International, Inc. (Barrett), one of Navistar's authorized dealers. Navistar manufactured the planter and shipped it in subassembled condition to Barrett for final assembly and adjustment. Todd Farm requested that Barrett set the machine to plant a particular number of seeds per acre selected by Todd Farm. After Barrett assembled and adjusted the planter, Todd Farm used it to plant several hundred acres of corn. As the corn plants emerged,

it was apparent the planter had not achieved the density and spacing of seed specified by Todd Farm, resulting in a loss of corn production on those acres.

On appeal Navistar argues judgment notwithstanding the verdict should have been entered in its favor because: first, Todd Farm failed to produce evidence the planter was defective; and second, Todd Farm failed to produce evidence of an agency relationship between Navistar and Barrett that would make Navistar liable for Barrett's actions in adjusting the planter.

Our standard of review of the denial of Navistar's motion for judgment notwithstanding the verdict is the same as the standard employed by the district court in the first instance. *See Washburn v. Kansas City Life Ins. Co.*, 831 F.2d 1404, 1407 (8th Cir.1987). Under this well-established standard, we view the evidence and all inferences reasonably drawn from it in the light most favorable to Todd Farm and resolve factual conflicts in Todd Farm's favor. *Id.* We assume as true all facts the evidence tends to prove in support of Todd Farm, and we will not reverse the denial of the motion unless "all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of [Todd Farm]." *Id.* This standard of review is the same under Iowa law. *See Suss v. Schammel*, 375 N.W.2d 252, 255 (Iowa 1985).

There is no dispute whether the machine manufactured by Navistar planted corn according to Todd Farm's specifications when Todd Farm first put it to use in the field—it did not. Instead, the central issue is whether Navistar bears the responsibility for that failing in the circumstances of this case.

The jury was instructed without objection by Navistar that as one element of the implied warranty of merchantability Todd Farm had to show the planter "was not fit for the ordinary purposes for which it is used." *See Van Wyk v. Norden Laboratories, Inc.*, 345 N.W.2d 81, 84 (Iowa 1984); Iowa Code § 554.2314(2)(c) (1987). Whether the planter met this standard of fitness is the only element of the claim in dispute,

and evidence exists in the record to support a jury finding on the remaining elements. Navistar contends Todd Farm's warranty claim could not go to the jury because Todd Farm did not prove the planter was defective. We disagree. The jury was instructed Todd Farm "need not prove any one specific defect." This instruction is consistent with the principle under Iowa law that to satisfy the test for implied warranty, the goods must be "free of significant defects and will perform in the way goods of that kind should perform." *Van Wyk*, 345 N.W.2d at 84.

There is evidence Barrett set the planter at Todd Farm's request to plant 25,000 seeds per acre. According to Todd Farm and a neighbor, the requested setting was used when the acreage involved in this case was seeded. The actual field results, however, showed the machine was planting erratically, varying between 5,000 or 6,000 and 50,000 seeds per acre. After mechanics worked on the machine, the erratic planting was corrected to perform at levels Todd Farm found tolerable. Todd Farm used the planter for the remainder of the growing season to plant other crops and used it again the following year.

The evidence we have summarized would allow the jury reasonably to conclude the device supplied by Navistar to regulate the per-acre seed population was not responsive to its prescribed setting. This conclusion would support a finding the planter was not "free of significant defects" and was not capable of "perform[ing] in the way goods of that kind should perform." *See id.* Thus, the issue of Navistar's breach of the implied warranty of merchantability was properly submitted to the jury.

In response to Navistar's second argument on appeal, Todd Farm contends proof of agency was not an essential part of its claim for breach of the implied warranty of merchantability asserted against Navistar. It is apparent, however, the jury was also instructed to consider whether Navistar could be held liable under an agency theory for breach of this warranty on account of Barrett's errors in adjusting the planter.

An agency relationship requires proof of consent for the agent to act on behalf of and subject to the control of the principal and consent by the agent so to act. *See Kanzmeier v. McCoppin,* 398 N.W.2d 826, 830 (Iowa 1987); *Chariton Feed & Grain, Inc. v. Harder,* 369 N.W.2d 777, 789–90 (Iowa 1985) (en banc). The burden of demonstrating this relationship is on Todd Farm. *Kanzmeier,* 398 N.W.2d at 830; *Chariton Feed & Grain, Inc.,* 369 N.W.2d at 789; *see also AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987) (applying Iowa law).

The jury was instructed that "[a]n agency may be proved not only by direct evidence of an agreement between the parties but also by circumstantial evidence, such as their words and conduct, from which an intention to create an agency may be fairly implied." *See Kanzmeier,* 398 N.W.2d at 830. There is no contention by either party that Barrett and Navistar had an express agency agreement. We would be unable in any case to examine the terms of such an agreement because the dealership contract that apparently existed between the parties was not offered into evidence and does not otherwise appear as part of the record.

The testimony in this case also unmistakably shows the management and control of Barrett's business operations rested with Barrett. Although Navistar held training sessions for its dealers' mechanics and was entitled to inspect Barrett's books and receive certain financial reports, there is no indication Navistar could or sought to direct or override any of Barrett's business decisions. Neither is the fact Barrett and Navistar entered into a dealership agreement that facilitated sale of the planter to Todd Farm alone sufficient to establish an agency relationship. *See Dailey v. Holiday Distrib. Corp.,* 260 Iowa 859, 151 N.W.2d 477, 484 (1967).

■ Although we recognize the question of the existence of an agency relationship is ordinarily one of fact, *see Chariton Feed & Grain, Inc.,* 369 N.W.2d at 789, under Iowa law the facts in this record demonstrate a lack of substantial evidence showing control of Barrett by Navistar suffi- cient to imply an agency between them. Thus, we conclude Todd Farm has not met its burden of showing "substantial evidence on the [agency issue] to generate a jury question." *Id.; compare Jacobson v. Benson Motors, Inc.,* 216 N.W.2d 396, 401 (Iowa 1974).

The district court also instructed the jury that an agency relationship "may be created by apparent authority." Apparent authority would have existed if Navistar acted in a manner that led Todd Farm reasonably to believe Barrett had the authority to act on Navistar's behalf. *See AgriStor Leasing,* 826 F.2d at 737; *Vischering v. Kading,* 368 N.W.2d 702, 711 (Iowa 1985). To show there was a question for the jury on apparent authority, Todd Farm points on appeal to statements contained in the owner's manual provided with the planter encouraging buyers to contact their dealer in the event of adjustment problems. Focusing specifically in its order on these statements, the district court concluded a jury issue was presented. We disagree.

There is no evidence Todd Farm relied on or even was aware of the statements in the manual when it bought the planter from Barrett or when it sought repair service after the poor field results were discovered. Nor is there any evidence Todd Farm reasonably relied on Navistar's business reputation when it did business with Barrett. *See Wilson v. Good Humor Corp.,* 757 F.2d 1293, 1302–03 (D.C.Cir.1985). In addition, the statements in the manual are at bottom only an expression of brand loyalty by the manufacturer for its products. They encourage buyers of Navistar's products to consult a member of the Navistar-brand distribution network rather than a competitor. Beyond this, the manual makes no affirmative statements about Navistar's relationship with Barrett or any other dealer.

We have reviewed the record and conclude the evidence all points one way, and thus, the jury could not reasonably find Barrett had the authority, either actual or apparent, to act for Navistar. Hence, the existence or not of an agency relationship between Navistar and Barrett should not

have been submitted to the jury. In view of this conclusion, we need not address Navistar's arguments regarding the district court's instruction on the applicable principles of agency law.

Todd Farm suggested at oral argument that Navistar may be liable, without regard to an agency relationship, for improper adjustment of the planter by Barrett. Todd Farm asserted because Navistar ships its products in subassembled form, it in essence delegates to Barrett the responsibility for completing the manufacture of Navistar's product. We express no opinion whether this theory has validity under Iowa law, and we need not consider its merit here. After reviewing the record and the jury instructions as a whole, we conclude the district court neither intended to nor in fact submitted this theory to the jury.

Thus, we are faced with a situation in which the case was sent to the jury on an impermissible theory, and as Todd Farm recognized in its brief, "[t]he precise reasoning for the jury verdict is not known." "The rule in this circuit is clear that when one of two theories has erroneously been submitted to the jury, a general verdict cannot stand." *Dudley v. Dittmer*, 795 F.2d 669, 673 (8th Cir.1986); *see also Ryko Mfg. Co. v. Eden Servs.*, 823 F.2d 1215, 1236–37 (8th Cir.1987). Accordingly, we must reverse and remand for a new trial on Todd Farm's claim Navistar has breached the implied warranty of merchantability.

Finally, Navistar's claim of error by the district court in awarding Todd Farm prejudgment interest is without merit. The award of postjudgment interest is governed by federal law, while the award of prejudgment interest is determined by state law. *Weitz Co. v. Mo–Kan Carpet, Inc.*, 723 F.2d 1382, 1385, 1387 (8th Cir. 1983) (per curiam). Iowa law authorizes prejudgment interest accruing from the date the action is commenced. *See* Iowa Code § 535.3 (1987). If Todd Farm prevails at the new trial on its claim for breach of the implied warranty of merchantability,

it will be entitled to prejudgment interest in conformity with Iowa law.

Reversed and remanded.