# IN THE COURT OF APPEALS OF IOWA

No. 17-1607
Filed December 5, 2018

**CHUCK STEEVE and MEGAN STEEVE,**
        Plaintiffs-Appellants,

**vs.**

**IMT INSURANCE COMPANY,**
        Defendant-Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

The plaintiffs appeal from the district court's summary dismissal of their lawsuit against their insurance company for breach of the insurance contract and coverage based on the doctrine of reasonable expectations. **AFFIRMED.**

Jordan T. Glaser of Peters Law Firm, PC, Council Bluffs, for appellants.

Douglas L. Phillips of Klass Law Firm, LLP, Sioux City, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Chuck and Megan Steeve appeal from the district court's summary dismissal of their lawsuit against IMT Insurance Company for breach of their insurance contract and coverage based on the doctrine of reasonable expectations. Under their breach-of-contract-claim, the Steeves argue the phrase "human force" is ambiguous and thus must be construed against IMT; there is a genuine issue of material fact regarding whether the plumbing failure was caused by "human forces"; and because there is a genuine issue of material fact regarding causation, this issue is not appropriate for summary judgment. Additionally, the Steeves maintain the district court erred in its refusal to apply the doctrine of reasonable expectations to their loss.

**I. Background Facts and Proceedings.**

The Steeves purchased a home in Council Bluffs, Iowa, in June 2015. They purchased insurance coverage for the home through IMT.

On Thursday, September 24, the area near the Steeves' home received approximately six inches of rainfall. The next morning, the Steeves noticed a loss of water pressure in their home. That same day, the area received another one and one-half inch of rainfall.

On September 27, after receiving some advice from friends regarding the reduced water pressure, Chuck began digging near their water well looking for a possible break in the water line. He located a broken pipe approximately six and one-half feet below the surface of the ground. The leaking water had caused the soil to erode, leaving a "cavern" approximately six feet in diameter.

Two days later, when Chuck came home from work, he noticed bricks were falling off the front of the home. The garage door appeared to be hanging at an angle and would not open. After walking around the home, Chuck noticed a crack in the home's foundation and an area of the roof that appeared to be separating from the rest of the home. The Steeves reported the damage to their insurance agent that night, and the insurance agent made an official claim on their behalf on September 30.

IMT sent an insurance adjuster to review the damage to the home on October 2, and a structural engineer visited the property one week later.

The structural engineer filed his first report with the insurance company on October 19. It opined, "Recent damage from foundation movements have occurred due to rain storms and coincident plumbing leak of the insured's well. Oversaturation of silty soils at the insured's property led to soil movements and the recent damage listed in [another section] in this report."

On October 27, a representative of IMT contacted the engineer and asked for "some clarification on the cause of the settling to this house." Specifically, IMT was interested in "looking to determine what portion of the settling, if any, has anything to do with the plumbing leak in the well in the front yard."

In response, the engineer filed an amended report. The amended report opined:

> Recent damage from foundation movements have occurred due to rain storms and coincident plumbing leak of the insured's well. ***While heavy rains contributed to saturating soils near the surface, oversaturation of the soils below ground surface near the building foundations occurred due to the plumbing leak at the insured's well.*** Oversaturation of silty soils at the insured's property led to soil movements and the recent damage listed in

[another section] in this report.  ***Damage related to the plumbing loss occurs across the front of the residence between the insured's well and the drainage ditch at west side of residence.***

On November 16, IMT sent a letter to the Steeves informing them that it had completed its investigation and it understood that "[a] combination of the heavy rains and the plumbing leak caused portions of the foundation of [their] home to crack and settle into the ground."  IMT then denied coverage for the claim, citing to the policy exclusions for earth movement and water damage.  IMT provided the following rationale:

> The cause of the settlement of your home was determined to be soil erosion that was caused by a combination of heavy rains and the subsequent leak in the well.  As noted above, earth movement is specifically excluded regardless of whether the earth movement was caused by human or natural forces.  Therefore, there is no coverage for this loss.

In August 2016, the Steeves initiated a lawsuit against IMT, alleging breach of contract and coverage based upon the doctrine of reasonable expectations.[1]

IMT moved for summary judgment in July 2017.  The company alleged the doctrine of reasonable expectations had no application because "[t]here is no evidence that IMT did or said anything to foster coverage expectations as it related to coverage for the incident that gives rise to this litigation" and the Steeves "cannot be heard to say that there was some provision in the policy which they did not understand; neither of them read the policy."  Additionally, IMT asserted it could be decided as a matter of law there was no breach of the insurance contract because "the policy . . . provides that there is an exclusion for damage caused by

---

[1] The Steeves originally also alleged the insurance company denied their claim in bad faith.  That claim was abandoned by the Steeves during the summary-judgment proceedings and is not at issue on appeal.

earth movement (sinking, rising or shifting), caused by any human force or act of nature" and also "provides that losses due to earth movement are excluded, 'regardless of any other cause or event contributing concurrently or in any sequence to the loss.'" IMT relied upon the following facts:

> The area around Plaintiffs' home experienced heavy rains. Shortly thereafter, Plaintiffs had a plumbing leak. Either the rain or the leak or some combination of the two resulted in oversaturation of the soil in front of Plaintiffs' home. This caused the ground around the house to shift, which, in turn, caused structural damage to the house.

The Steeves resisted, conceding that while earth movement "certainly happened," it was not clear the movement was "caused by a human or animal force if those terms are being used unambiguously." They also asserted that it was not an act of nature that caused the earth movement and cited to a letter provided by their own expert, who opined "that the break in the water service line is the proximate cause of the damage to the foundation at the Steeve residence." Additionally, they argued a jury should be allowed to determine if the doctrine of reasonable expectations applied.

Following an unreported hearing on the motion, the district court granted IMT's motion for summary judgment. The Steeves appeal.

## II. Standard of Review.

We review summary judgment rulings for correction of errors at law. *Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015). "To obtain a grant of summary judgment on some issues in an action, the moving party must affirmatively establish the existence of undisputed facts entitling that party to a particular result under controlling law." *Nationwide Agri-Business Ins. Co. v. Goodwin*, 782 N.W.2d 465, 469 (Iowa 2010) (citation omitted).

## III. Discussion.

### A. Breach of Contract.

The Steeves maintain IMT breached their insurance contract when it denied coverage for the damages following soil movement around their home. The insurance company responds the Steeves do not have a coverage for the loss due to an exclusion within their policy. In determining whether IMT breached the insurance contract when it denied coverage, we must consider the language of the insurance policy. *See Farm Bureau Life Ins. Co. v. Holmes Murphy & Associates, Inc.*, 831 N.W.2d 129, 133–34 (Iowa 2013) ("The controlling consideration in construction of insurance policies in the intent of the parties. We determine intent by what the policy itself says except in cases of ambiguity." (citation omitted)). "Policy interpretation is always an issue for the court, unless we are required to rely upon extrinsic evidence or choose between reasonable inferences from extrinsic evidence." *Boelman v. Grinnell Mut. Reinsurance Co.*, 826 N.W.2d 494, 501 (Iowa 2013).

Here, the relevant policy language provides that it does not

insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
. . . .
2. Earth Movement.
Earth Movement means:
a. Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;
b. Landslide, mudslide, or mudflow;
c. Subsidence or sinkhole; or
d. Any other earth movement including earth sinking, rising or shifting:
caused by or resulting from human or animal forces or any act of nature unless direct loss by fire or explosion ensues and then we will pay only for the ensuing loss.

In considering whether the exclusion applies here, both parties and the district court have focused on subsection (d) of the earth movement exclusion—"[a]ny other earth movement including earth sinking, rising or shifting." The Steeves do not dispute the damages to their home were caused by earth movement. Rather, they argue that the earth movement was caused by the leaking pipe rather than the excessive rain. IMT conceded that the earth movement was caused by either the excessive rain, the leaking pipe, or a combination of the two. However, the company argued, and the district court agreed, that whether the earth movement was caused by the rain or the leaking pipe was immaterial because both fell within the exclusionary language.

The district court found, and we agree, that the "policy provides that losses due to earth movement are excluded, '*regardless of any other cause or event contributing concurrently or in any sequence to the loss*.'" The district court concluded it was immaterial whether the earth movement was a result of the broken pipe or the rainfall or both since the cause of the earth movement is not the critical issue under the policy language. In order to survive summary judgment, the Steeves had the burden to establish the possibility of a different, nonexcluded cause for the damages to their home. *See Bradshaw v. Wakonda Club*, 476 N.W.2d 743, 745 (Iowa 1991) ("The party resisting a motion for summary judgment must set forth specific facts showing there is a genuine issue for trial."). They failed to do so.

Because the cause of the earth movement is not a necessary consideration in determining whether the exclusion applied and because the Steeves failed to

provide evidence of any other cause of the damages to their home, IMT is entitled to summary judgment on the breach-of-contract claim.

### B. Doctrine of Reasonable Expectations.

Next, we consider whether summary dismissal of the Steeves' claim for coverage based on the doctrine of reasonable expectations was proper.

The doctrine of reasonable expectations is applicable "if the exclusion (1) is bizarre or oppressive, (2) eviscerates terms explicitly agreed to, or (3) eliminates the dominant purpose of the transaction." *Farm Bureau Mut. Ins. Co. v. Sandbulte*, 302 N.W.2d 104, 112 (Iowa 1981). "Reasonable expectations giving rise to the application of the doctrine may be established by proof of the underlying negotiations or inferred from the circumstances." *Id.* "[A]s a prerequisite to the applicability of this doctrine, the insured must prove 'circumstances attributable to the insurer that fostered coverage expectations' or show that 'the policy is such that an ordinary layperson would misunderstand the coverage.'" *LeMars Mut. Ins. Co. v. Joffer*, 574 N.W.2d 303, 311 (Iowa 1998) (citation omitted).

The district court ruled that the insurance company was entitled to judgment as a matter of law because the undisputed evidence showed that neither Chuck nor Megan read the policy before they purchased it and Megan—who spoke with the insurance agent before purchasing—never discussed coverage for plumbing leaks. The court concluded:

> There is no evidence that IMT did or said anything to foster coverage expectations as it relates to coverage for the incident that gives rise to this litigation. [The Steeves] cannot be heard to say that there was some provision in this policy which they did not understand; neither of them read the policy.

But the doctrine is applicable when the insured can show "the policy is such that an ordinary layperson would misunderstand the coverage." *Id.* The question of whether the doctrine of reasonable expectations applies is one that can be shown either subjectively—that these insureds were misled based upon the actions taken by the insurance company—or objectively—that the ordinary layperson would not be able to understand the coverage.

We agree with the district court that the Steeves cannot prove the doctrine by subjective means; they did not consider the coverage at the time they purchased it and there is no evidence of negotiations with the insurance company that may have resulted in their misunderstanding. Moreover, the Steeves did not provide enough evidence to create a genuine issue of material fact regarding whether the policy is written in such a way that the ordinary layperson would not be able to understand it. The only support for their claim is a statement by Chuck in his affidavit, claiming, "Suffice it to say that the policy is not written to be understood by normal, blue-collar people like myself."

IMT is entitled to judgment as matter of law on the Steeves' claim of coverage based on the doctrine of reasonable expectations.

**IV. Conclusion.**

Because it is undisputed that the damages to the Steeves' home were the result of earth movement, the earth-movement exclusion applies and IMT did not breach the insurance contract. Additionally, IMT is entitled to judgment as matter of law on the claim of reasonable expectations. We affirm.

**AFFIRMED.**