## IN THE COURT OF APPEALS OF IOWA

No. 18-0348
Filed May 15, 2019

**MARC STEFFES, MERCEDES STEFFES, LANCE FREED, and JILL FREED,**
     Plaintiffs-Appellants,

**vs.**

**TERRACE PARK DOCK AND PROPERTY OWNERS ASSOCIATION, TERRACE PARK DOCK AND PROPERTY OWNERS ASSOCIATION OFFICERS, TERRACE PARK DOCK AND PROPERTY OWNERS ASSOCIATION MEMBERS, and COLONEL F. KRAGE,**
     Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dickinson County, Carl J. Petersen, Judge.

Property owners appeal the district court order dismissing their action to enforce their right to membership in the Terrance Park Dock and Property Owners Association. **REVERSED.**

Barry Shaw Sackett and Frances Schiro of Sackett Law Firm, PC, Spencer, for appellants.

Steven R. Postolka and Stephen F. Avery of Cornwall, Avery, Bjornsatd and Scott, Spencer, for appellees.

Heard by Doyle, P.J., and Mullins and McDonald, JJ. Decided by Doyle, P.J., and Tabor and Mullins, JJ.

**DOYLE, Presiding Judge.**

Marc and Mercedes Steffes and Lance and Jill Freed (Appellants) own property in the Terrace Park subdivision of West Okoboji. Appellants applied for membership in the Terrace Park Dock and Property Owners Association (Association). The Association denied Appellants' applications claiming that, under its bylaws, membership is limited to persons who own a parcel of land that was platted in either the original 1905 plat of Terrace Park or the 1908 Terrace Park replat. Specifically, the applicable bylaw states: "Only those persons . . . owning a parcel or parcels of land in the following described properties shall be eligible as members of the Association: All parcels of land in the original plat of Terrace Park and the Replat of Terrace Park, Dickinson County, Iowa." Appellants' property boundaries do not match up with any of the lots shown in either plat. Appellants brought suit, seeking judgment to allow them to join the Association "pursuant to their vested property right." Among other things, Appellants argued that "they should be granted membership because their Parcels fall within the Plat and/or Replat and other parcels similarly situated have in the past and should in the future be granted membership to the Defendant Association." The Association countered that since Appellants' "tracts were not delineated in the Original or amended Plats of Terrace Park, the [Appellants] are not entitled to membership in the Association." The district court found the bylaws unambiguously excluded Appellants from membership in the Association. Appellants appealed the district court's ruling. We reverse.

## I. Background Facts and Proceedings

Terrace Park is a subdivision in West Okoboji that abuts Green's Beach on West Lake Okoboji. Terrace Park was first platted in 1905. The original plat included numerous blocks consisting of some 247 lots.[1] Terrace Park was replatted in 1908. The replatting combined about 173 original lots into four large lots—seven lots became Lot A, about 61 lots became Lot B, about 79 lots became Lot C, and 26 lots became Lot D. About 74 of the originally platted lots remained untouched by the 1908 replatting.[2]

The property relevant to this appeal is located within a triangular parcel that was originally named Block 7 in the Terrace Park 1905 plat and consisted of seven lots.

**1905 Original Plat, Block 7, Terrace Park**



---

[1] We approximate the number of lots as copies of the old plat maps in our electronic record are so poor they are virtually illegible.
[2] The remaining original lots left untouched by the replatting are not depicted on the replat, i.e., Lots A, B, C, and D are depicted, but the remaining area of the plat map is blank.

In the 1908 replatting, the seven lots of Block 7 were combined into one lot, which was renamed Lot A.

**1908 Replat, Lot A, Terrace Park**



In 1999, Lot A, was replatted into four lots: Lots 1, 2, and 3 (renamed Terrace Park Curve), and Partial Lot A of replat of Terrace Park. The replatting also included a small outlot dedicated to the City of West Okoboji for Lake Street right-of-way.

**1999 Replat, Lot A, Terrace Park**



In 2012, the Steffes purchased Lots 1, 2, and 3 of Terrace Park Curve. In 2013 they sold Lot 1 and Parcel B of Lot 2 to Lance and Jill Freed. The land the Steffes and Freeds own is located within the original Block 7 of the Terrace Park Plat and within Lot A of the Replat of Terrace Park, but the boundaries of their respective lots do not coincide with boundaries any lot as originally platted or as replatted in 1908.

**1999 replat of Lot A, Terrace Park**

**Land owned by Marc and Mercedes Steffes**

**Land owned by Lance and Jill Freed**



At some point, the Iowa State Conservation Commission began to refuse issuing dock permits to Terrace Park residents on an individual basis. The Commission indicated it would only issue five dock permits in 1976 to property owners in Terrace Park, and suggested that the property owners organize. The Terrace Park and Dock Association was formed in 1975. One of the primary

purposes for the Association's existence is to secure dock permits and to maintain five docks on Green's Beach on Lake Okoboji. Members of the Association are able to use the Association's docks as space allows. At the time material hereto, more members had requested to use the docks than space allowed. As a result, members were placed on a waitlist.

Appellants applied for membership in the Association. The Association denied the applications, asserting its bylaws did not permit admitting the Appellants as members. Under the bylaws applicable to this lawsuit—the Association's amended by-laws filed in 1989—membership in the Association is limited as follows: "Only those persons or corporations owning a parcel or parcels of land in the following described properties shall be eligible as members of the Association: All parcels of land in the original plat of Terrace Park and the Replat of Terrace Park, Dickinson County, Iowa." The Association interpreted the bylaws to limit membership to owners of lots of record platted prior to adoption of the 1989 bylaw amendment. The Association claimed it denied Appellants' applications because the lots they own are not pre-1989 lots of record.

In 2016, Appellants brought suit against the Association to enforce their right to membership. The matter was tried to the court on stipulated facts and the parties' briefs. The court issued a ruling concluding:

> The 1989 MQP [membership qualification provision] is an unambiguous qualification for membership in Association. The 1989 MQP unambiguously limits membership in Association to those who own **a parcel in Plat or Replat**. Notably, a reasonable person could not construe the 1989 MQP to limit membership to those who own **land once within a parcel in Plat or Replat**. Steffes and Freed currently own land once within a parcel in Plat or Replat (i.e. land once within Lot A of Replat) but do not own a parcel in Plat or Replat.

> If Lot A of Replat had not been subdivided into the six divisions that are there today, it would qualify pursuant to the 1989 MQP.

(Emphasis in original.)  The court ordered that:

> Defendant Association's unambiguous membership qualification provision of 1989 bars Plaintiffs Steffes and Freeds from joining Association because each does not own a parcel of the plat or replat of Terrace Park; instead, both own land that once made up only part of Lot A of the replat of Terrace Park and which is now part of the Terrace Park Curve.  No equitable doctrines prevent the application of the Association's membership qualification provision of 1989 in this case.

The Appellants appealed.

**II. Analysis**

The parties agree that this is an action in equity, therefore the court reviews the district court's decision de novo.  *See* Iowa R. App. P. 6.907; *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996).  The court gives weight to the district court's findings of fact, however, it is not bound by them.  *See Wieskamp v. Kelley*, No. 14-1255, 2015 WL 1331715, at *1 (Iowa Ct. App. Mar. 25, 2015).  However, the district court decided the meaning of the bylaw at issue without resort to extrinsic evidence.  Accordingly, the construction and interpretation of the bylaw is a matter of law for the court, and we are not bound by the interpretation and ruling of the district court.  *See Oberbillig v. West Grand Towers Condominium Ass'n*, 807 N.W.2d 143, 149 (Iowa 2011).

The Association is a corporation.  When interpreting a corporation's bylaws, the court applies general contract law.  *See id.* at 150.  The court considers the bylaws as a whole, rather than individually.  *Rice v. Providence Pointe, L.C.*, No. 13-0433, 2014 WL 1234157, at *5 (Iowa Ct. App. Mar. 26, 2014).

When the district court interprets the words of a contract, it determines the meaning of words in the contract. When the court construes a contract, it decides the legal effect of such words. We review the district court's interpretation as a legal issue unless the court used extrinsic evidence to interpret the words of the contract. We always review the district court's construction of a contract as a legal issue. When we are reviewing the district court's construction of a contract, we must keep in mind the cardinal rule that the intent of the parties controls. Except in cases of ambiguity, we determine such intent from what the contract says. Thus, if the parties' intent is clear and unambiguous from the words of the contract, we enforce the contract as written.

*American Soil Processing, Inc. v. Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd.*, 586 N.W.2d 325, 329 (Iowa 1998) (internal citations omitted). "The test for ambiguity is an objective one: Is the language fairly susceptible to two interpretations?" *Oberbillig*, 807 N.W.2d at 150-51 (quoting *Nationwide Agri-Bus. Ins. Co. v. Goodwin*, 782 N.W.2d 465, 470 (Iowa 2010)).

The particular language in question is found in Article III section 3 of the 1989 bylaws. That section states: "Only those persons or corporations owning a parcel or parcels of land in the following described properties shall be eligible as members of the Association: All parcels of land in the original plat of Terrace Park and the Replat of Terrace Park, Dickinson County, Iowa." The Association argues that Article III section 3 unambiguously limits membership to owners who possess lots as platted in either the original plat or 1908 replat of Terrace Park. Although the Appellants' lots do not match up with the originally platted lots or the replatted 1908 lots, Appellants argue the bylaw unambiguously permits membership to owners of any parcels located within the boundaries of the original plat or 1908 replat.

We look to the words used by the drafters of the bylaw: "Only those persons or corporations owning a *parcel* or *parcels* of land in the following described properties shall be eligible as members of the Association: All *parcels* of land in the original plat of Terrace Park and the Replat of Terrace Park, Dickinson County, Iowa." "Parcel" has been defined as

> "a part; portion; piece; as a certain piece of land is part and parcel of another piece." The Century Dictionary defines it as "a part, either taken separately or belonging to a whole." So that "parcel" may quite as well be applied to a part or subdivision of a lot as to some portion of a block or tract of other description.

*Kneebs v. Sioux City*, 137 N.W. 944, 946 (Iowa 1912); *see also Webster's New Collegiate Dictionary*, p. 826 (1973) (defining parcel as "a tract or plot of land").

"Lot," on the other hand,

> when applied to real estate, is indefinite in its dimensions, but is a portion of land that has been set off or allotted, whether great or small. There is no definite and fixed meaning to the word which is applicable to all cases alike. What would be deemed a "lot" of land in the country would not be so considered in a city or town. Its ordinarily accepted meaning, when applied to property within an incorporated city or town, is evidently not to be understood as synonymous with the word "tract" or "parcel," but in the sense of a city lot, as bounded and described on the recorded plats of the city, or as subdivided and bounded by conveyances of the owners thereof, or by other acts done by themselves, or the city authorities in exercising the right of eminent domain in opening and establishing streets. It must be property so situated and subdivided, with reference to streets, as to have impressed upon it the character of urban, as contradistinguished from rural, use.

*Pilz v. Killingsworth*, 26 P. 305, 306 (Or. 1891); *see also Webster's New Collegiate Dictionary,* p. 675 (1973) (defining lot as "a measured parcel of land having fixed boundaries and designated on a plot or survey"). Although Iowa Code chapter 354 (2016), Iowa's Platting – Division and Subdivision of Land statute, post-dates the adoption of the 1989 bylaw amendment, as it was enacted in 1990, we find it

helpful to our analysis. It defines "lot" as "a tract of land represented and identified by number or letter designation on an official plat." Iowa Code § 354.2(10). "Parcel" is defined as "a part of a tract of land." *Id.* § 354.2(13). Clearly, the word "parcel" has a broader meaning than "lot." The Association could have limited membership to lot owners owning a "lot" or a "lot of record" as depicted in the original 1905 and 1908 amended plats of Terrace Park. But it did not. Thus, we conclude that the use of the word "parcel" in the bylaw does not restrict membership eligibility to only those owners of lots as depicted in the original plat or the replat of Terrace Park.

Also, the drafters' use of multiple prepositional phrases beginning with the preposition "in" supports the idea that a person need only own property within Terrace Park to become a member. This is evident after omitting extraneous language and focusing on the prepositional phrases: Membership is open to "those persons . . . owning a parcel . . . of land in . . . [the] parcels of land in the original plat of Terrace Park and the Replat of Terrace Park." Simply put, a plain reading of the bylaw leads the reader to believe that, in order to be eligible for membership, an individual need only own a parcel or lot within the original plat or replat.

Furthermore, evidence outside of the language of the contract supports Appellants' interpretation. The supreme court has held the court "can look to the conduct of the parties as placing a practical construction on the meaning of a term." *Oberbillig*, 807 N.W.2d at 152 (considering prior voting practices of a condominium association board when interpreting the bylaws regarding voting). Additionally, extrinsic evidence is admissible as an aid to interpretation. *Fashion Fabrics of Iowa, Inc. v. Retail Investors Corp.*, 266 N.W.2d 22, 25 (Iowa 1978). The

Association previously granted membership to owners of lots that were not delineated in the original plat or 1908 replat. These lot owners include James O'Brien, Glen and Marcia Petersen, Tye Steffen and Lisa Bodenhamer, and Robert and Beverly Post. Although not dispositive to its ruling, the district court was highly critical of the Association's conduct:

> In sum, Association allowed Post, Petersen, O'Brien, and Bodenhamer to become members in violation of the MQP [membership qualification provision] applicable at the time each sought membership. As a result, the court concludes that Association applies its MQPs capriciously. The present case represents the height of that caprice: Association allowed Post to become an Association member though he failed to satisfy the MQP's requirement that he own all of Replat's Lot A but will not allow Post's neighbor Freed to become an Association member on grounds that he does not satisfy the MQP's requirement that he own all of Replat's Lot A.

The Association's historical conduct supports Appellants' position.

The Association exists for the primary purpose of allocating dock and hoist space along the Terrace Park lakefront. The Association points out that because the lakefront and dock space are finite, only a limited number of persons will be able to use the docks and maintain boat hoists in a given year. It argues the Appellants'

> interpretation of the By-Laws, however, would require the Association to take in additional members any time a landowner subdivides a tract in Terrace Park, as when Steffes and Freeds' lots were created in 1999. It is for this reason that the Association limited membership to the owners of tracts that were originally platted in Terrace Park, and not to the owners of lots in any and all future replats. A contrary interpretation of the By-Laws would defeat the object of the Association itself.

(Footnotes omitted.) The association's conduct in admitting Post, Petersen, O'Brien, and Bodenhamer as members belies that argument. Furthermore, if Lot

A had been replatted back to its original seven lots, the seven owners of those lots would be eligible for membership, a number greater than the current three owners of the former Lot A (one of which was granted membership). Under the circumstances presented, the Association's argument rings hollow.

**III. Conclusion**

We find the language of the Association's bylaws unambiguous. The 1989 amendment does not restrict membership in the Association to owners of lots of record as delineated in the 1905 Plat or the 1908 Replat. In view of our holding, we need not address the Appellants' other arguments.

We reverse the district court's decision that the Appellants were not eligible for membership in the Association.

**REVERSED.**