# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2415

———————————————

Meridian Security Insurance Company

*Plaintiff - Appellee*

v.

Lois Schmitt-Selken

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

—————————

Submitted: September 23, 2020
Filed: November 18, 2020

—————————

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

—————————

ERICKSON, Circuit Judge.

Lois Schmitt-Selken ("Lois") appeals from a grant of summary judgment by the district court[1] in favor of Meridian Security Insurance Company ("Meridian").

———————————————

[1]The Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Meridian's complaint sought a declaration that it has no obligation to provide underinsured motorist ("UIM") benefits to either Lois or the Estate of Donald Selken for injuries or damages arising out of a motor vehicle accident occurring while Lois was a passenger in husband Donald Selken's ("Donald") car.  We affirm.

## I.    Background

On July 15, 2017, two vehicles collided head-on while traveling through a construction zone on Highway 21 in rural Tama County, Iowa.  David Keidel, who was under the influence of alcohol, failed to yield the right-of-way to a vehicle owned and driven by Donald.  Donald died at the scene.  Lois was a passenger in Donald's vehicle and sustained serious injuries.  Keidel's insurer, State Farm, paid the liability limit of $500,000 to Donald's estate ($300,000 of the sum went to Donald's three adult children and the remaining $200,000 to Lois) and an additional $1,000,000 in umbrella coverage to Lois.  Donald's insurer, Farm Bureau, has offered to pay Lois UIM benefits in the amount of $300,000.[2]  Lois now seeks UIM benefits under her personal automobile policy issued by Meridian.

At the time of the accident Lois and Donald had been married for 42 days and were living together.  Lois and Donald each owned a vehicle individually with each vehicle insured by a separate personal automobile policy, naming the individual owner as the named insured.  At the beginning of the Meridian policy issued to Lois, it states:

---

[2]Lois and Farm Bureau disagree about the terms in a proposed release, which is being litigated in Iowa state court.

**A.** Throughout this policy, "you" and "your" refer to:

    **1.** The "named insured" shown in the Declarations; and

    **2.** The spouse if a resident of the same household.

\* \* \*

In addition to liability coverage, the Meridian policy contains an endorsement relating to UIM coverage. UIM benefits under the policy are subject to several exclusions. The district court granted declaratory judgment in favor of Meridian on the "owned-but-not-insured" exclusion. The "owned-but-not-insured" exclusion provides, in relevant part: "We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any "insured" . . . [w]hile "occupying" . . . any motor vehicle owned by you which is not insured for coverage under this policy."

Even though the vehicle involved in the accident was owned by Donald, Meridian argues the exclusion applies because (1) the definition of "you" encompasses Donald as Lois's spouse, and (2) Lois was both residing with Donald at the time of accident and was injured while occupying a vehicle owned by her spouse that was not insured under the Meridian policy. Lois's counter-argument is the exclusion, at a minimum, is ambiguous because a reasonable interpretation of "you" means the vehicle must be owned by Lois <u>and</u> Donald and thus the exclusion must be construed strictly against Meridian.

## II.    Discussion

We review the district court's interpretation of an insurance policy, a matter of state law, *de novo*. <u>Lefler v. Gen. Cas. Co. of Wis.</u>, 260 F.3d 942, 945 (8th Cir. 2001). Under Iowa law, a court is to construe an insurance policy to give effect to the intent of the parties. <u>Nationwide Agri-Business Ins. Co. v. Goodwin</u>, 782 N.W.2d 465, 470 (Iowa 2010). Intent is determined by the language of the policy, unless there is an ambiguity. <u>Id.</u> "Ambiguity exists if, after the application of pertinent rules

of interpretation to the face of the instrument, a genuine uncertainty results as to which one of two or more meanings is the proper one." Cairns v. Grinnell Mut. Reinsurance Co., 398 N.W.2d 821, 824 (Iowa 1987) (cleaned up). A mere disagreement between parties will not establish ambiguity. Kibbee v. State Farm Fire & Cas. Co., 525 N.W.2d 866, 868 (Iowa 1994). Rather, an ambiguity is created only when the policy language is "susceptible to two *reasonable* interpretations." Id. (emphasis in original). A court is to avoid "straining the words and phrases of the policy to impose liability that was not intended and was not purchased." Cairns, 398 N.W.2d at 824 (internal quotation and citations omitted). If ambiguity exists with regard to an exclusionary provision, Iowa law requires construction in the light most favorable to the insured. Thomas v. Progressive Cas. Ins. Co., 749 N.W.2d 678, 682 (Iowa 2008).

While "[u]ninsured and underinsured coverage protects and follows the person, not the vehicle," Hornick v. Owners Ins. Co., 511 N.W.2d 370, 372 (Iowa 1993), owned-but-not-insured exclusionary clauses have been routinely upheld in Iowa. LeMars Mut. Ins. Co. v. Joffer, 574 N.W.2d 303, 308–11 (Iowa 1998) (collecting and discussing "substantial litigation in Iowa" regarding owned-but-not insured exclusions); See Iowa Code § 516A.2 (permitting insurers underwriting uninsured, underinsured, and hit-and-run coverage to include "terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits"). The Iowa Supreme Court, while observing that "[a]n insured has the freedom to elect to have different policies for different vehicles," Walter v. Kinsey, 518 N.W.2d 370, 371 (Iowa 1994), has upheld policy provisions intended to prevent the duplication of UIM benefits so long as there is "an appropriate implementing paragraph." Joffer, 518 N.W.2d at 310–11.

The dispositive issue for us is whether there is an unambiguous "appropriate implementing paragraph" that applies to the facts of this case. Resolution turns on the term "you." Courts addressing this issue have concluded "the only reasonable

interpretation" of the term "you" and "your" when defined in an insurance policy as including: (1) the named insured shown in the declarations; and (2) the spouse if a resident of the same household means a motor vehicle owned by either the named insured or the insured's resident spouse. MacLearn v. Com. Ins. Co., 37 A.3d 393, 397 (N.H. 2012); Hacker v. Dickman, 661 N.E.2d 1005, 1006–07 (Ohio 1996); See Sunshine Ins. Co. v. Sprung, 452 N.W.2d 782, 784 (S.D. 1990) (finding that "whenever the words 'you' and 'your' are used in the policy," it includes the use of any vehicle, other than a covered auto, owned by the insured or his spouse); Sheldon v. Hartford Ins. Co., 189 P.3d 695, 699 (N.M. Ct. App. 2008) (finding "you" or "your" includes either the insured or the insured's spouse and noting its finding is consistent with decisions reached by courts in Indiana, Louisiana, Michigan, New York, and Washington).[3]

Here, when Lois was injured, she was occupying a vehicle owned by her resident spouse that was not insured under Meridian's policy. The semantics of the definition of "you," particularly the itemization and form, presents no ambiguity in its application of the facts to this case. Consistent with other courts that have addressed this issue, we find two categories of individuals–the named insured and the insured's resident spouse–are listed under the definition of "you." If either is met, the exclusion applies.

Applying this construction to the context before us is consistent with the two-fold purpose of an "owned-but-not-insured" exclusionary clause: "(1) to prevent an insured from receiving coverage on all household cars or another uninsured car of the insured by merely purchasing a single policy, and (2) to provide coverage to the insured when engaged in the infrequent use of non-owned vehicles." Bartlett v.

_____

[3]But see Barclay v. State Auto Ins. Companies, 816 N.E.2d 973, 977 (Ind. Ct. App. 2004) (finding the terms "you" and "your" in one spouse's personal automobile policy refer to the spouses individually).

Amica Mut. Ins. Co., 593 A.2d 45, 47 (R.I. 1991) (quoting Dairyland Ins. Co. v. Ward, 517 P.2d 966, 969–70 (Wash. 1974) (en banc)).  A logical nexus exists between the categories of persons excluded from UIM coverage in Meridian's policy and the insurer's intent to circumvent attempts to obtain duplicate coverage or additional UIM coverage as a substitute to liability coverage at a lesser premium.  By precluding spouses, who often occupy vehicles owned either jointly or separately, from manipulating coverage by purchasing separate policies with different insurers, an insurer is able to accurately assess risk while continuing to meet the purposes of the owned-but-not-insured exclusion, which in this case would be to provide coverage for injuries sustained while occupying a vehicle used infrequently while excluding coverage for a vehicle occupied frequently.  The Meridian policy makes plain that the same definition of "you" and "your" applies throughout and makes no distinction between liability coverage and other additional coverages.  Lois's argument that the definition of "you" requires joint ownership of a vehicle before the exclusion applies is neither a reasonable interpretation of the policy language, nor consistent with the purpose of an "owned-but-not-insured" exclusion.

Under the unambiguous policy language, the "owned-but-not-insured" exclusion in the Meridian policy bars Lois's claim for UIM benefits for the accident occurring while she was a passenger in her husband's vehicle.

## III.  Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____